**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

LAUREN RUDDOCK, *on behalf*
*of herself and all others similarly*
*situated*,

              Case No.:

   Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC,  **CLASS REPRESENTATION**
*a foreign limited liability company*, CAVALRY (Unlawful Debt Collection
SPV I, LLC, *a foreign limited liability company*, Practices)
and ANDREU, PALMA & ANDREU, P.L., *a*
*Florida professional limited liability company,* **JURY TRIAL DEMAND**

   Defendants.
_____/

## CLASS ACTION COMPLAINT

  **COMES NOW**, Plaintiff, LAUREN RUDDOCK (hereinafter, "Plaintiff"), by and through

the undersigned counsel, on behalf of herself and all others similarly situated, and sues Defendants,

CAVALRY PORTFOLIO SERVICES, LLC, (hereinafter, "Cavalry Portfolio"), CAVALRY SPV

I, LLC (hereinafter, "Cavalry SPV"), and ANDREU, PALMA & ANDREU, P.L. (hereinafter,

"APA"), (hereinafter collectively, "Defendants").  In support thereof, Plaintiff alleges:

   **I.**   **PRELIMINARY STATEMENT**

  1.  This is a class action brought pursuant to Rule 23, Federal Rules of Civil Procedure,

against Defendants for their routine and systematic violations of the Fair Debt Collection Practices

Act, 15 United States Code, Section 1692, *et seq.* (hereinafter, "FDCPA").  Specifically,

Defendants uniformly attempt to collect consumer debts via Debt Collection Complaints and

discrete Court Filings as those terms are herein defined, throughout the state of Florida.  These

Debt Collection Complaints and discrete Court Filings are both a means to collect and a way to

convey information to Florida consumers regarding debts that Defendants attempt to collect from Plaintiff and Class Members (as hereinafter defined) by improperly and illegally:

a. making false, deceptive, or misleading representations;

b. falsely representing the amount due on the Debts (as defined herein) by asserting a legal right to contractual interest (e.g., "default interest") and unlawfully including the same in the amount of Debts alleged due at the time the Form Debt Collection Lawsuits and subsequent, discrete court filings were filed and served on Plaintiff and Class Members;

c. collecting the Debt using unfair or unconscionable means; and,

d. attempting to collect an unauthorized amount (e.g., contractual or default interest) included within the Debt.

In short, Defendants' actions unlawfully deceive and mislead consumers in their attempts to collect debts using unfair or unconscionable means; Defendants, impermissibly increase the amount of debts allegedly due from already financially strapped Florida consumers without the lawful ability to do so and by asserting as lawful theories of recovery by Debt Collection Complaints and discrete Court Filings theories under which Defendants may never recover given the existence of express, written terms and conditions that govern the relationships of Plaintiff, Class Members and their original creditors.

## II.      PARTIES, JURISDICTION & VENUE

2.      Defendant APA is a law firm and professional limited liability company existing under the laws of the State of Florida, with a primary business address in Miami-Dade County,

Florida that, itself and through its employees and representatives, regularly collects debts allegedly owed to another throughout the State of Florida.

3.      Defendant Cavalry Portfolio is limited liability company existing under the laws of the State of New York that itself buys debts and, through its employees, representatives and third-parties, including but not limited to, law firms like Defendant APA, regularly collect debts allegedly owed to another throughout the State of Florida.

4.      Defendant Cavalry SPV is limited liability company existing under the laws of the State of New York that itself buys debts and, through its employees, representatives and third-parties, including but not limited to, law firms like Defendant APA, regularly collect debts allegedly owed to another throughout the State of Florida.

5.      At all material times herein, Plaintiff is and was a resident of the state of Florida, residing in Hillsborough County, Florida.

6.      The present complaint alleges Defendants violated the FDCPA thereby conferring subject matter jurisdiction on this Court pursuant to 15 United States Code, Section 1692k(d) and 28 United States Code, Section 1332.

7.      This Court has personal jurisdiction over Defendant APA because Defendant APA operates, conducts, engages in, or carries on business in the state of Florida as well as has offices located within the state of Florida.  In addition, this Court has personal jurisdiction over Defendant APA because Defendant APA conducts substantial, and not isolated, activity within the state of Florida and because Defendant APA has intentionally availed itself of the laws of the state of Florida.

8.      This Court has personal jurisdiction over Defendant Cavalry Portfolio because Defendant Cavalry Portfolio operates, conducts, engages in, or carries on business in the state of

Florida.  In addition, this Court has personal jurisdiction over Defendant Cavalry Portfolio because Defendant Cavalry Portfolio conducts substantial, and not isolated, activity within the state of Florida and because Defendant Cavalry Portfolio has intentionally availed itself of the laws of the state of Florida.

9.     This Court has personal jurisdiction over Defendant Cavalry SPV because Defendant Cavalry SPV operates, conducts, engages in, or carries on business in the state of Florida.  In addition, this Court has personal jurisdiction over Defendant Cavalry SPV because Defendant Cavalry SPV conducts substantial, and not isolated, activity within the state of Florida and because Defendant Cavalry SPV has intentionally availed itself of the laws of the state of Florida.

10.     Venue in this District is proper because Defendant APA resides in this District and because all defendants are deemed to be residents of the State for purposes of venue under 28 U.S.C. s. 1391.

### III.     REPRESENTATIVE'S ALLEGATIONS

11.     Defendants are each a "debt collector," as that term is defined by 15 U.S.C., Section 1692a(6).

12.     More specifically, Defendants Cavalry Portfolio and Cavalry SPV are entities that bought debts or were assigned debts allegedly due to others for collection.  *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. July 10, 2014) (holding debt buyers are unequivocally debt collectors under the FDCPA).

13.     Defendants each used interstate mail while engaging in a business the principal purpose of which is the collection of consumer debts allegedly due another.

14.     Defendants are also entities who regularly collect, or attempt to directly or

indirectly collect, consumer debts that are owed or due, or are asserted to be owed or due, another.

15.     Plaintiff is a "consumer," as that term is defined by 15 U.S.C., Section 1692a(3).

16.     Defendants' conduct, namely the drafting and use of the Debt Collection Complaints and discrete Court Filings, as those terms are defined and complained of below, qualifies as "communication," as that term is defined by 15 U.S.C., Section 1692a(2).

17.     Defendants' conduct, namely use of the Debt Collection Complaints and discrete Court Filings, as those terms are defined and complained of below, qualifies as a "representation" or "means" as those terms are used in the FDCPA, Sections 1692e and 1692g.

18.     Defendants acted by themselves, or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, attorneys, law firms, representatives, third-party vendors, and insurers.

19.     At all material times herein, Defendants attempted to collect debts, specifically alleged delinquent open-end credit card accounts originally due first-party creditors (at all times herein collectively, "Debt" or "Debts").

20.     At all material times herein, Defendants attempted to collect a Debt from Plaintiff, specifically an alleged delinquent credit card debt originally due to HSBC Bank-Capital One-BEST BUY CO., Inc. (hereinafter, "HSBC Best Buy").

21.     At all material times herein, the Debt was consumer debt, an obligation resulting from a transaction or transactions for goods or services and was incurred primarily for personal, household or family use.

22.     Defendants routinely and systematically attempted to collect consumer Debts from Plaintiff and Class Members through the use of unlawful Debt Collection Complaints and discrete Court Filings.

23.     Every year, Defendant APA files many hundreds, if not thousands, of Debt Collection Complaints throughout the State of Florida on behalf of Defendants Cavalry Portfolio and Cavalry SPV in an attempt to collect Debts.

24.     On or after January 22, 2012, Plaintiff's final periodic billing statement was sent to Plaintiff (at all times herein, "Final Statement").

25.     Plaintiff's Final Statement showed that Plaintiff had a balance of $1,045.02. Plaintiff is informed and believes that the attached **Exhibit A** is a true and correct copy of Plaintiff's Final Statement.

26.     At a point after January 22, 2012, Plaintiff's Debt was charged off by her original creditor, HSBC Best Buy.

27.     HSBC Best Buy ceased sending Plaintiff period billing statements on the Debt after it charged off the Debt, thereby waiving its right to charge contractual interest on the Debt after sending the Charge-Off Statement.

28.     On or about October 8, 2013, Defendants filed a lawsuit against Plaintiff in an attempt to collect the Debt.  The lawsuit was filed in the County Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No.: 13-CC-026749 (at all times herein, the "Debt Collection Complaint").  Please see attached a true and correct copy of the Debt Collection Complaint and its attached exhibits labeled as **Composite Exhibit B**.

29.     On or about September 11, 2014, Plaintiff received and was served with the Debt Collection Complaint.

30.     At all times herein, Defendants' Debt Collection Complaint has only two causes of action: First Cause of Action – Account Stated and Second Cause of Action – Unjust Enrichment.

31.     Plaintiff's alleged Debt, allegedly owed to Defendant Cavalry SPV, is a credit card obligation based upon a written contract, namely a cardmember agreement between Plaintiff and her original creditor, HSBC Best Buy.

32.     At no time herein did Defendants' Debt Collection Complaint assert a breach of contract count or claim against Plaintiff.

33.     Defendants' Debt Collection Complaint and discrete Court Filings do assert, however, an entitlement to contractual interest (i.e., 29.99%), post charge-off, in both the Account Stated and Unjust Enrichment counts.

34.     Defendants assert an entitlement to, and try to collect through the Debt Collection Complaint and discrete Court Filings, interest "at the rate provided for in the account statements" (i.e., 29.99%) and seeks judgment for same, as well as plus post judgment interest at the maximum rate allowed by law.

35.     Defendants' Debt Collection Complaints do not have a contractual count and corresponding basis to allege any contractual interest other than interest allowed by Florida law.

36.     Defendants' use of the Debt Collection Complaints and discrete Court Filings in their effort to collect the Debt from Plaintiff and Class Members, including pre-judgment interest, post charge-off, at a contractual interest rate, violates the FDCPA and Florida Statutes, Section 687.03.

37.     More specifically, by including in the Debt Collection Complaints and discrete Court Filings "interest provided for in the account statements" (e.g., 29.99%) as part of the Debt that was allegedly due and owing, Defendants used a false, deceptive, and misleading representation of the character, amount, or legal status of the Debt in violation of 15 United States Code, Section 1692e(2)(A).

38.     By including in the Debt Collection Complaints and discrete Court Filings "interest provided for in the account statements" (e.g., 29.99%) as part of the Debt that was allegedly due and owing, Defendants used a false representation or deceptive means to collect or attempt to collect the Debt in violation of 15 United States Code, Section 1692e and e(10).

39.     By including in the Debt Collection Complaints and discrete Court Filings "interest provided for in the account statements" (e.g., 29.99%) as part of the Debt that was allegedly due and owing, Defendants threatened to take an action that cannot legal be taken in collecting or its attempt to collect the Debt in violation of 15 United States Code, Section 1692e(5).

40.     By including in the Debt Collection Complaints and discrete Court Filings "interest provided for in the account statements" (e.g., 29.99%) as part of the Debt that was allegedly due and owing, Defendants used an unfair or unconscionable means to collect the Debt in violation of 15 United States Code, Section 1692f.

41.     By including in the Debt Collection Complaint and  discrete Court Filings "interest provided for in the account statements" (e.g., 29.99%) as part of the Debt that was allegedly due and owing, Defendants collected an unauthorized amount in violation of 15 United States Code, Section 1692f(1).

42.     By including in the Debt Collection Complaint and discrete Court Filings "interest provided for in the account statements" (e.g., 29.99%) as part of the Debt that was allegedly due and owing, Defendants collected attempted to charge or enforce the collection of a sum of money that included a rate of interest greater than the equivalent of 18 percent per annum simple interest in violation of Florida Statute, Section 687.03.

43.     Plaintiff has suffered statutory damages, as provided for pursuant to 15 United States Code, Section 1692k.

44.     Plaintiff retained Leavengood, Dauval, Boyle, & Meyer, P.A. (hereinafter, "LeavenLaw") to deal with and defend the unlawful Debt Collection Complaints and subsequent discrete Court Filings, and incurred out-of-pocket attorneys' fees and costs (i.e., actual damages) as a result.

45.     Plaintiff has also retained LeavenLaw for the purpose of pursuing this class action against Defendants, and Plaintiff is obligated to pay their attorneys a reasonable fee for their services.

## IV.   CLASS ACTION ALLEGATIONS

46.     Pursuant to 23(a) and 23(b)(3), Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and all others similarly situated, constituting two classes, defined below as a "Class" and a "Actual Damage Sub-Class."

47.     More specifically, Plaintiff defines the "Class" as follows:

> All consumer debtors upon whom Defendants served a "Debt Collection Complaint," in an attempt to collect a Debt through Florida Courts within a one-year period of time prior to the filing of this Class Action Complaint up through and including the present date (hereinafter, "Class Members" or "Class").

48.     Further, Plaintiff defines the "Actual Damage Sub-Class" of the Class as follows:

> All consumer debtors who were part of the Class, as defined in paragraph 45 above, and who have incurred out-of-pocket expense, including but not limited to, attorneys' fees or costs, as a result of hiring an attorney to defend such Debt Collection Complaints within a one-year period of time prior to the filing of this Class Action Complaint up through and including the present date (hereinafter, "Actual Damage Sub-Class Members" or "Actual Damage Sub-Class") (hereinafter collectively, together with the Class, collectively "Classes").

49.     Excluded from the Classes are all directors, officers, agents, and employees of Defendants and the courts to which this case may be assigned.

9

50.    All recipients of Debt Collection Complaints or other subsequent, discrete court filings in substantially the same form or for a substantially similar purpose, namely the Class Members, are victims of the same improper and unlawful demands of Defendants.

51.    The number of potential Class Members and Actual Damage Sub-Class Members is undetermined at this time, but can readily be determined from Defendants' records.  In light of the number of consumer debts Defendants collect in the State of Florida's Thirteenth Judicial Circuit alone, the Classes most likely possesses thousands of members.[1]

52.    The Debt Collection Complaints and subsequent, discrete Court Filings:

a.    use false, deceptive, and misleading representations and means in the collection of Plaintiff's and Class Members', respective Debts by representing the authority to collect contractual (i.e., interest in the account statements) from Plaintiff and Class Members, absent a breach of contract claim plead in their Debt Collection Complaint;

b.    mislead and deceive Plaintiff and Class Members and misrepresent the amount of Debts owed;

c.    demand payment of an unauthorized amount;

d.    threaten to take an illegal or unintended action;

e.    cause Plaintiff and Class Members to incur unlawful and unauthorized costs; and

---

[1] A quick survey of Thirteenth Judicial Circuit filings in and for Hillsborough County, Florida, in the year prior to the filing of this lawsuit, indicates that Defendant Cavalry SPV have filed approximately 138 debt collection lawsuits on defaulted, purchased debt.  Given the State of Florida's sixty-seven (67) counties, Defendants' lack of proximity to the Tampa Bay area, the presence of three other major metropolitan areas (i.e., Orlando, Jacksonville, and Miami/Ft. Lauderdale), and Defendants systematic method of filing lawsuits to collect debt (i.e., Form Debt Collection Lawsuits), it is likely that the number of such debt collection lawsuits, with unlawful assertions contained therein, is in the thousands.

f.      cause Plaintiff and Actual Damage Sub-Class Members to incur and pay, in whole or in part, the unlawful and unauthorized Debt (i.e., contractual interest), as well as incur attorneys' fees and/or costs in defending the unlawful Debt Collection Complaints and their subsequent, discrete Court Filings.

g.      charge or attempt to enforce or collect interest at a rate of interest greater than the equivalent of 18 percent per annum simple interest, as limited by Florida Statute, Section 687.03.

53.     This action is properly brought as a class action under Rule 23, Federal Rules of Civil Procedure, for the following reasons:

a.      The Classes each consist of hundreds, if not thousands, of persons so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.      There are questions of law and fact common to all Class Members and Actual Damage Sub-Class Members relating to Defendants' actions relative to the Debt Collection Complaints, which questions predominate over any question affecting only individual Class Members and Actual Damage Sub-Class Members, including:

i.      Whether Plaintiff and Class Members received the Debt Collection Complaints and subsequent, discrete Court Filings;

ii.     Whether the Debt Collection Complaints and subsequent, discrete Court Filings were an attempt to collect the Debts;

iii.    Whether Defendants' Debt Collection Complaints falsely represent

11

the nature, character or amount of the Debt;

iv.      Whether Defendants misrepresent the amount of Debts owed by Plaintiff, Class Members and Actual Damage Sub-Class Members by including in its Debt Collection Complaints and their subsequent, discrete Court Filings interest which is not legally be incurred, due or owed;

v.      Whether Defendants threaten to take illegal or unintended actions against Plaintiff, Class Members and Actual Damage Sub-Class Members, namely the collection of unauthorized interest;

vi.      Whether Defendants collect Debts through unfair or unconscionable means by requiring Plaintiff, Class Members and Actual Damage Sub-Class Members to pay interest which is not earned and incurred, and thus not legally due pursuant to contract or Florida law;

vii.      Whether Defendants systematically include interest not yet incurred or otherwise authorized by law in the Debts collected from Plaintiff, Class Members, and Actual Damage Sub-Class Members;

viii.      Whether Defendants asserted interest due in Debt Collection Complaints without a breach of contract count plead at the time such contractual interest was asserted due and collected;

ix.      Whether Defendants enforced or attempted to collect interest in pre-filing Debt collection communications and the Debt Collection Complaints and subsequent, discrete Court Filings that violate Florida Statute, Section 687.03 by enforcing or charging Plaintiffs, Class Members and Actual Damage Sub-Class Members interest in excess of that lawfully allowed under Florida law

12

(e.g., 29.99% which is greater than 18.00%);

x.      Whether Plaintiff, Class Members, and Actual Damage Sub-Class Members are entitled to statutory damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

xi.      Whether Plaintiff and Actual Damage Sub-Class Members are entitled to actual damages, namely the incurrence out-of-pocket expense (e.g., incurrence of attorneys fees, costs, payment of the Debts, incorrect credit reporting, etc.) as a result of defending or dealing with Defendants' unlawful debt collection practices described herein and, if so, in what amount; and

xii.      Whether Plaintiff, Class Members, and Actual Damage Sub-Class Members are entitled to costs and reasonable attorneys' fees for litigating this case and, if so, in what amount.

54.      Defendants have acted, or refused to act, on grounds generally applicable to Class Members and Actual Damage Sub-Class Members in that they have engaged in a routine and systematic course of conduct consisting of their utilization of the Debt Collection Complaints and their subsequent, discrete Court Filings, which are false, misleading and deceptive; attempt to collect Debts through unfair or unconscionable means; falsely represent the amount of the Debts and collect an unauthorized amount, and threaten to charge interest and charge interest in an amount in excess of that allowed under Florida law.

55.      Plaintiff's claims are typical of the claims of the proposed Class Members and Actual Damage Sub-Class Members, given the receipt of, and the uniform nature and use of, the Debt Collection Complaints and the common legal and factual issues of whether pre-filing Debt

collection communications and the drafting, filing and serving of the Debt Collection Complaints and subsequent, discrete court filings violate the FDCPA and Florida Statute, Section 687.03.

56.     More specifically, the Debt Collection Complaints and their subsequent, discrete Court Filings must be analyzed in part to assess whether Defendants falsely represented the total amount owed, and whether Defendants collected an unauthorized amount.

57.     Plaintiff received a Debt Collection Complaint and has suffered the same injury as Class Members and Actual Damage Sub-Class Members and, as such, is a member of both Classes. Plaintiff is committed to prosecuting this action.  Plaintiff has gathered and reviewed all relevant documents necessary for filing this case, and has, and will continue to proactively participate in this class litigation, thoroughly reviewing documents, asking questions and following the counsel of her lawyers for the benefits of the Classes she seeks to represent.  Plaintiff will fairly and adequately protect the interests of Class Members and Actual Damage Sub-Class Members.

58.     Adjudication of this case on a class-wide basis is manageable by this Court.  The Debt Collection Complaints and their subsequent, discrete Court Filings were received by Plaintiff, Class Members, and Actual Damage Sub-Class Members throughout the State of Florida.

59.     The Debt Collection Complaints, and Plaintiff's, Class Members', and Actual Damage Sub-Class Members' rights, as they relate to the Debt Collection Complaints, are the same or are so similar as to be legally and factually indistinguishable in all material aspects.  As a result, it will not be difficult for the Court or jury to objectively determine whether Defendants have violated the FDCPA; whether Plaintiff, Class Members, and Actual Damage Sub-Class Members are entitled to statutory damages, and in what amount, as a result of serving the Debt Collection Complaints; and whether Actual Damage Sub-Class Members are entitled to actual damages, and

in what amount, as a result of incurring the same defending Defendants' Debt Collection Complaints.  This Court is an appropriate forum for this dispute.

60.     Plaintiff has retained as counsel attorneys who are competent and experienced in consumer, class action, and complex litigation.  More specifically, Plaintiff retained a firm whose members have specific expertise in consumer law, having represented consumers in over seven hundred (700) unlawful debt collection cases as lead counsel, as co-lead counsel in excess of ten (10) consumer-based class actions, and as sole lead counsel in at least five (5) consumer-based class actions.  Plaintiff's counsel has experience in certifying class actions at the trial court level, defending certified classes on appeal, and assisting class representatives with all aspect of class action litigation.  Plaintiff's counsel will fairly and adequately represent Plaintiff and the interests of the Class Members.

61.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

> a.     given the size of the proposed Classes, individual joinder of each Class Member's and Actual Damage Sub-Class Member's claims is impracticable;
>
> b.     given the relatively small damages suffered by individual Class Members and Actual Damage Sub-Class Members, as well as the unlikelihood that many Class Members and Actual Damage Sub-Class Members will know their federal and state rights have been violated, most Class Members and Actual Damage Sub-Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

c.      when Defendants' liability has been adjudicated, claims of all Class Members and Actual Damage Sub-Class Members can be determined by the Court;

d.      this action will cause an orderly and expeditious administration of Class Members' and Actual Damage Sub-Class Members' claims, fostering economies of time, effort, and expense, and uniformity of decisions will be ensured;

e.      other available means of adjudicating the claims of Plaintiff and Class Members and Actual Damage Sub-Class Members—such as thousands of individual actions brought separately and pursued independently in courts throughout the State of Florida—are impracticable and inefficient;

f.      without a class action, Class Members and Actual Damage Sub-Class Members will continue to suffer damages and the violations of law by Defendants will proceed without remedy while they continue their unlawful debt collection activities; and,

g.      this action presents no material difficulties that would preclude management by the Court as a class action.

62.      In the case of any action, Florida Statute, Section 687.187 provides for recovery of damages (in an amount not less than any interest paid by the borrower), plus reasonable attorneys' fees and costs.  These remedies are in additional to any other remedies provided for by any other laws.

63.     In the case of any action, 15 U.S.C., Section 1692k provides for the award of up to $1,000.00 statutory damages for Plaintiff, as well as actual damages.

64.     In the case of a class action, 15 U.S.C., Section 1692k provides such amount of statutory damages as the court may allow for all other Class Members, without regard to minimum individual recovery or actual damages, up to the lesser of $500,000 or 1 percent of the aggregate of each Defendant's net worth.  Section 1692k also provides for actual damages to Actual Damage Sub-Class Members.

65.     Finally, 15 U.S.C., Section 1692k provides for the award of reasonable attorneys' fees and costs, should Plaintiff, Class Members, and Actual Damage Sub-Class Members prevail in this matter.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICES –
## VIOLATION OF 15 U.S.C., SECTIONS 1692e, e(2)(A), e(5) and e(10)

66.     Plaintiff re-alleges paragraphs one (1) through sixty-five (65), as if fully restated herein and further states as follows:

67.     Defendants are subject to, and have violated the provisions of, 15 U.S.C., Section 1692e, e(2)(A), e(5), and e(10) by using false, deceptive, or misleading means, representations, or unlawful threats in attempting to collect the consumer debts.

68.     Specifically, the Debt Collection Complaints and subsequent, discrete Court Filings falsely represent the total amount of Plaintiff's, Class Members', and Actual Damage Sub-Class Members' respective Debts, by including contractual interest not lawfully incurred or earned, in an attempt to deceive and mislead Plaintiff, Class Members, and Actual Damage Sub-Class Members into paying more than is actually owed on their respective Debts.

69.     The effect of including contractual or default-rate interest not lawfully incurred or earned in the total amount of the Debts asserted due was to increase the total amount due, and thereby unlawfully increase the amounts of the Debts collected from Plaintiff, Class Members, and Actual Damage Sub-Class Members.  For example, inclusion of interest provided for in the account statements in Defendants' Debt Collection Complaints filed against Plaintiff unlawfully added 29.99% interest to the total amount sought and allegedly due on the Debt, post charge-off and through judgment.

70.     Overall, all of Defendants' above-referenced actions constitute the use of false, deceptive, or misleading representations or means in attempting to collect Plaintiff's, Class Members' and Actual Damage Sub-Class Members' respective Debts.

71.     Additionally, Defendants' above-referenced actions constitute a threat to take an illegal or unauthorized action, namely the request of the court to award interest provided for in the account statements to the total amount owed in the debt, from charge off through judgment.

72.     As a direct and proximate result of Defendants' actions, Plaintiff, Class Members, and Actual Damage Sub-Class Members have sustained damages as defined by 15 U.S.C., Section 1692k.  In addition, Actual Damage Sub-Class Members have incurred actual damages, including but not limited to, attorneys' fees and costs incurred in defending the unlawful allegations included in the Debt Collection Complaints.

**COUNT TWO:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692f and f(1)</u>**

73.     Plaintiff re-alleges paragraphs one (1) through sixty-five (65), as if fully restated herein and further states as follows:

74.     Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692f and f(1) by attempting to collect an amount (including interest, fees, charges, or expenses incidental to the principle obligation) not expressly authorized by the agreement creating the debt or otherwise permitted by law.

75.     Specifically, Defendants intentionally included interest provided for in the account statements in the total amount (i.e., the Debts) purportedly owed by Plaintiff, Class Members, and Actual Damage Sub-Class Members.

76.     The effect of including interest provided for in the account statements was to impermissibly increase the total amount of the Debts allegedly due, and thereby increase the Debts collected from Plaintiff, Class Members, and Actual Damage Sub-Class Members.

77.     Defendants included such interest in the total amount of the Debts allegedly due from Plaintiff, Class Members, and Actual Damage Sub-Class Members despite not pleading a breach of contract claim in their Debt Collection Complaints or subsequent, discrete Court Filings also asserting such interest due.

78.     Defendants are not entitled to contractual or default-rate interest—"interest provided for in the account statements"—at any time after charge-off and subsequent assignment to Defendant Cavalry Portfolio and Cavalry SPV, unless Defendant Cavalry Portfolio and Cavalry SPV both demonstrates that it owns the debt and pleads a breach of contract claim that lawfully entitles them to the same.

79.     The increase in the Debts collected from Plaintiff, Class Members, and Actual Damage Sub-Class Members—individuals that Defendants knew were already behind on payments and were in financially vulnerable positions—was unlawful and not authorized by contract or law.  In fact, it was specifically prohibited by Florida law.

80.    As a direct and proximate result of Defendants' actions, Plaintiff, Class Members, and Actual Damage Sub-Class Members have sustained damages as defined by 15 U.S.C., Section 1692k.  In addition, Actual Damage Sub-Class Members have incurred actual damages, including but not limited to, attorneys' fees and costs incurred in defending the unlawful allegations included in the Debt Collection Complaints.

## COUNT THREE: USURY
## VIOLATION OF FLORIDA STATUTES, CHAPTER 687, ET SEQ.

81.    Plaintiff re-alleges paragraphs one (1) through sixty-five (65), as if fully restated herein and further states as follows:

82.    Defendants are subject to, and have violated the provisions of, Florida Statutes, Section 687.03 by charging or attempt to enforce or collect interest at a rate of interest greater than the equivalent of 18 percent per annum simple interest, as limited by Florida Statute, Section 687.03 in both communications prior to the filing of the Debt Collection Complaints and the Debt Collection Complaints and subsequent, discrete Court Filings.

83.    Specifically, Defendants intentionally included interest provided for in the account statements in the total amount (i.e., the Debts) asserted to be due and owed by Plaintiff, Class Members, and Actual Damage Sub-Class Members.

84.    The amount of interest provided for in the account statements asserted due in the amount of Debts collected from Plaintiff, Class Members, and Actual Damage Sub-Class Members is greater than 18 simple interest per annum.

85.    Defendants, through the use of the Debt Collection Complaints, their attachments, and the subsequent, discrete court filings attempted to collect interest in an amount that exceeds the amount lawfully allowed by Florida law.

86.     As a direct and proximate result of Defendants' actions, Plaintiff, Class Members, and Actual Damage Sub-Class Members have sustained damages as defined by Florida Statutes, Section 687.187.  More specifically, as a result of having received the Debt Collection Complaints and pre-suit Debt collection communications, Plaintiff, Class Members, and Actual Damage Sub-Class Members have suffered actual damages, including but not limited to, payment of unlawful interest, as well as incurring attorneys' fees and costs in defending such Debt collection communications, means, and representations.

**COUNT FOUR:
NEGLIGENT MISREPRESENTATION**

87.     Plaintiff re-alleges paragraphs one (1) through sixty-five (65), as if fully restated herein and further states as follows:

88.     At all times material, by virtue of the business relationships between the parties, Defendants owed a duty to the public and to all parties with whom they communicated to accurately and completely convey information in all matters, specifically about the total amount of Debts due, despite their own pecuniary interest at stake in their interactions with Plaintiff, Class Members, and Actual Damage Sub-Class Members.

89.     Defendant APA and its employees, consisting of lawyer members of the Florida Bar, also have a duty under the Rules Regulating the Florida Bar, Rules 4-4.1 and 4-4.4, to refrain from making false or misleading statements of material fact or law to third persons, such as Plaintiff, Class Members, and Actual Damage Sub-Class Members.

90.     Defendant APA and its employees breached their duties by making untrue, misleading and incorrect material statements in the Debt Collection Complaints and subsequent, discrete Court Filings, each independently asserting the unauthorized interest due.

91.     Given the source of the misinformation, and the manner in which it was delivered, Plaintiff, Class Members, and Actual Damage Sub-Class Members were reasonably justified in relying on the information conveyed in the Debt Collection Complaints and their subsequent, discrete Court Filings, and the apparent superior knowledge that Defendant APA and its employees would have regarding the amounts due under applicable law.

92.     As a result of these breaches of duty, Plaintiff, Class Members, and Actual Damage Sub-Class Members have suffered pecuniary losses in the form of payment of amounts improperly and illegally requested, or having those amounts included in the Debt, as well as having incurred out-of-pocket expense in defending said improper debt collection lawsuits.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' actions and conduct, Plaintiff, Class Members, and Actual Damage Sub-Class Members respectfully request relief and a judgment:

a.     Holding that this lawsuit is properly maintainable as a class action, certifying Plaintiff as representative of the Classes, an order certifying the Classes requested herein, and appointing undersigned counsel as attorneys for the Classes;

b.     Holding that communications, such as the Debt Collection Complaints and subsequent, discrete Court Filings asserting unauthorized interest due, violate the FDCPA;

c.     Holding that the Defendants violated the FDCPA;

d.     Holding that Defendants violated Florida Statutes, Section 687.03;

e.     Holding that the Defendants made negligent misrepresentations to Plaintiffs, Class Members, and Actual Damage Sub-Class Members;

f.      Awarding maximum statutory damages, as allowed under the FDCPA;

g.      Awarding actual damages sustained, as allowed under the FDCPA;

h.      Awarding actual damages sustained, as allowed under Florida Statutes, Section 687.187;

i.      Awarding actual damages sustained for Defendants' negligent misrepresentations;

j.      Awarding Plaintiff, Class Members, and Actual Damage Sub-Class Members reasonable attorneys' fees and costs; and

k.      Granting such relief the Court may deem just and proper.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff, Class Members, and Actual Damage Sub-Class Members hereby give notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

## DEMAND FOR JURY TRIAL

Plaintiff, Class Members, and Actual Damage Sub-Class Members hereby demand a trial by jury on all issues triable by right.

Respectfully submitted,

**LEAVENLAW**

/s/ *J. Andrew Meyer*
**Ian R. Leavengood, Esq., FBN 0010167**
**J. Andrew Meyer, Esq., FBN 0056766**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
ameyer@leavenlaw.com

*Attorneys for Plaintiff, Class Members, and*
*Actual Damage Sub-Class Members*